Jon T. Dyre
Aaron W. Nicholson
CROWLEY FLECK PLLP
500 Transwestern Plaza II
490 North 31ST Street
P. O. Box 2529
Billings, MT 59103-2529
Telephone: (406) 252-3441
Fax: (406) 259-4159

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| Denbury Green Pipeline-Montana, LLC<br><br>Plaintiff,<br><br>vs.<br><br>Easements and Rights of Way Across<br><br><u>Township 7 South, Range 56 East</u><br>Section 21: NW4SW4, S2NW4, NE4NW4, NW4NE4<br>Carter, County, Montana<br><br><u>Township 8 South, Range 56 East</u><br>Section 15: NW4NW4<br>Carter County, Montana<br><br><u>Township 8 South, Range 56 East</u><br>Section 10: W2SW4, NE4SW4, E2NW4, NW4NE4<br>Carter County, Montana<br><br>The Cook Ranch Trust, Lawrence Giacommetto, Robert Giacometto<br><br>and Unknown Owners,<br><br>Defendants. | Cause No.<br><br><br><br>**CONDEMNATION COMPLAINT** |

Plaintiff Denbury Green Pipeline-Montana, LLC ("Denbury") alleges:

## Nature of the Lawsuit

1. This is a diversity action under Rule 71.1 Fed.R.Civ.P. filed by Denbury to acquire certain necessary easements and rights-of-way for the CCA Lateral pipeline Project by the exercise of the right of eminent domain, and to determine the just compensation to be paid to the Defendants, under Mont. Code Ann. § 70-30-101 *et. seq.* and Rule 71.1 Fed.R.Civ.P. Denbury also seeks a preliminary injunction enjoining the defendant land owners from interfering with Denbury's right to conduct examinations and surveys of the land and providing Denbury with possession and use of the subject easements and rights-of-way under Rule 65, Fed.R.Civ.P., and the court's inherent equitable power.

## The Parties

2. Denbury Green Pipeline-Montana, LLC is a common carrier pipeline authorized to transact business in Montana and has filed an acceptance to the provisions of Mont. Code Ann. § 69-13-101 *et. seq.*, which was accepted by the Montana Public Service Commission.

3. The lands to be encumbered or burdened by the subject easements and rights-of-way ("subject lands") are located in Carter County, Montana. The property subject to the condemnation proceeding is described as:

    Easements and Rights of Way Across

    <u>Township 7 South, Range 56 East</u>
    Section 21: NW4SW4, S2NW4, NE4NW4, NW4NE4
    Carter, County, Montana

    <u>Township 8 South, Range 56 East</u>
    Section 15: NW4NW4
    Carter County, Montana

    <u>Township 8 South, Range 56 East</u>
    Section 10: W2SW4, NE4SW4, E2NW4, NW4NE4
    Carter County, Montana

The location of the easements and rights of way are described and shown in the drawings attached as Exhibit A-1 through A-2, which are incorporated by reference.

4. The persons known to own an interest in the subject lands from whom easements and rights of way are sought to be taken are named as defendants and are set forth in Exhibit B, which is incorporated by reference.

5. There may be other persons who have or claim an interest in the subject lands to be encumbered by the subject easements and rights-of-way whose names could not be found after a reasonably diligent search, and they are made parties under the designation "Unknown Owners."

## Background

6. The CAA Lateral Pipeline is a 20 inch diameter carbon dioxide pipeline and associated facilities. The pipeline will run from an interconnection

with a pipeline in Bell Creek oil field in Powder River County, Montana to a point near Baker in Fallon County, Montana and then northwest along the existing oil fields in the Cedar Creek Anticline to a point in Wibaux County. The CCA Lateral pipeline will transport carbon dioxide generated by plants in Wyoming that capture carbon dioxide from oil wells in existing oil fields in the Ceder Creek Anticline for the purposes of enhanced oil recovery.

7. Denbury is working with the Bureau of Land Management to prepare an Environmental Assessment and has or will obtain all necessary approvals and permits.

## Jurisdiction

8. Jurisdiction is proper under 28 U.S.C. § 1332. Denbury is a Delaware limited liability company that has its principal place of business in Plano, Texas.

9. None of the defendants are citizens of Texas or Delaware. Therefore, diversity of citizenship exists.

10. The amount in controversy exceeds $75,000, exclusive of costs and interest. The CCA Lateral pipeline is a linear facility. Denbury has spent substantial amounts of money developing the CCA Lateral pipeline, including paying for easements and rights of way. The inability to acquire any one of the tracts of land that are the subject of this suit would prevent the completion and

operation of the CCA Lateral pipeline, and would cause Denbury the loss of past investments and future revenue far in excess of $75,000.

## Venue

11. Venue is proper in this Court under 28 U.S.C. § 1391(a), and in the Billings Division under Local Rule 1.2(c)(1).

## The Authority to Condemn

12. Denbury's authority for the taking is Mont. Code Ann. § 70-30-102(20) and Mont. Code Ann. § 69-13-104 as a common carrier pipeline company.

13. The interests to be taken include permanent easements and rights-of-way fifty feet wide, on, under, and through the captioned lands, to survey, construct, lay, maintain, operate, inspect, repair, replace, protect, alter, remove or abandon in place, the CCA Lateral pipeline, and all appurtenances and equipment, including, but not limited to, cathodic protection equipment and all other equipment used or useful in the operation of the CCA Lateral pipeline for the transportation of carbon dioxide, together with the right to utilize, during original construction of the pipeline, appurtenances and equipment, "Temporary Work Space," and if applicable, "Additional Temporary Work Space," as shown in the drawings attached as Exhibits A-1 through A-2. The specific rights sought herein are further set forth in Exhibit C-1 and C-2, which are the forms of the requested Easement and Right-of-Way Agreements to be obtained from each defendant.

14. In addition, Denbury seeks an Access Road Easement from HWY 212 North and South for a 20 foot wide road approximately 317 feet long with an area of approximately 0.15 acres for the movement of equipment, vehicles, supplies and any other purpose associated with the construction and operation of the CCA Lateral pipeline. A copy of the Access Road Easement is attached as Exhibit D. A map showing the location of the road (CAR-018A) is attached to the Access Road Easement, which is Exhibit D.

15. The use to which the property interests that are being taken will be put is a public use under Mont. Code Ann. § 70-30-102(20).

16. The subject easements and rights-of-way to be taken are necessary to the CCA Lateral pipeline and are the minimum necessary interests.

17. Denbury has made a final written offer to each of the defendants to purchase the subject easements and rights-of-way, but the final written offers have not been accepted by the defendants, and Denbury has been unable to agree with the defendants on the compensation to be paid for the subject easements and rights-of-way. The amount of the final offers were:

    A. $51,686.26 to Defendants The Cook Ranch Trust, Lawrence Giacommetto, Robert Giacometto; and

    B. $100,450.19 to Defendants Ronald D. Talcott and Deborah Talcott.

18. Denbury has the right to acquire the requested easements and rights-of-way upon the payment to Defendants of just compensation in amounts to be determined herein.

### Injunctive Relief

19. The court has the power to grant a preliminary injunction providing Denbury with possession and use of the subject easements under Rule 65 Fed.R.Civ.P. and under its inherent equitable power.

20. Denbury is entitled to an order that it has the right to condemn the requested property interests, leaving only the issue of just compensation to the Defendants for the easements being acquired.

21. There is a likelihood that Denbury will prevail on the merits.

22. The public interest favors granting the injunction. The CCA Lateral Pipeline serves the public interest by transporting and sequestering carbon dioxide generated by sources in Wyoming to oil wells in existing oil fields in the Ceder Creek Anticline for the purposes of enhanced oil recovery. Increased domestic production reduced America's dependence on foreign sources of oil. Sequestering carbon dioxode furthers state and federal policies regarding the reduction of emissions from greenhouse gases.

23. Denbury will suffer irreparable harm if it is not able to take possession of the easements and rights of way prior to the determination of just compensation. Environmental constraints and weather conditions create limited windows of time in which the pipeline can be constructed. Missing those windows can result in delays of up to a year. Delaying construction will cause Denbury to suffer damages, including loss of revenue and increased costs and expenses that it cannot recover.

24. The rights of the Defendants can be protected by ordering Denbury to give security in an amount that the court considers proper. Therefore, the balance of harms favors Denbury.

**Order Granting Access To Examine And Survey Property**

25. Section 70-30-110, M.C.A., provides Denbury with the power to conduct examinations and surveys necessary to determine the most advantageous route for its proposed CCA Lateral pipeline Project.

26. Specifically, M.C.A. § 70-30-110 provides that the state or its agents in charge of the public use (that is common carriers having the right of eminent domain) may survey and locate the land to be used.

27. The statute further provides that the state or its agents in charge of the public use may, after giving 30 days' written notice to the owners and persons in

possession of the land, enter upon the land and make examination, surveys, and maps of the land. The entry does not constitute a cause of action in favor of the owners of the land except from injuries resulting from negligence or intentional acts.

28. In addition Fed.R.Civ.P. 34(a)(2) allows entry onto property to inspect and survey the property.

29. To date, the Defendant land owners have prevented Denbury from accessing the property for purposes of examination and surveying.

30. Denbury requests the court enter an order granting Denbury the right to enter the land to conduct the examinations and surveys necessary to select the most advantageous route for the CCA Lateral pipeline Project, and prepare legal descriptions for the easements and rights-of-way for the pipeline and access roads.

Therefore, Denbury Green Pipeline-Montana, LLC demands:

a) Condemning the subject easements and rights-of-way;

b) Granting an order preventing the defendant landowners from interfering with Denbury's right to enter the land to conduct the examinations and surveys necessary to select the most advantageous route for the CCA Lateral pipeline Project and prepare legal descriptions for the easements and right-of-way for the pipeline and

access roads;

c) Granting an injunction giving Denbury possession of the property to begin construction, pending the final determination of just compensation;

d) Determining and awarding just compensation to the Defendant land owners; and

e) Granting any other lawful and proper relief.

Dated July 10th, 2018.

Crowley Fleck PLLP

By: /s/ *Jon T. Dyre*
    Jon T. Dyre
    Aaron W. Nicholson
    Crowley Fleck PLLP
    P. O. Box 2529
    Billings, MT 59103-2529
    Telephone 406-252-3441
    Fax 406-259-4159